Filed 12/16/15  In re A.W. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.W., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>　　　　　　　v.<br><br>A.W.,<br><br>　　　　Defendant and Appellant. | F071579<br><br>(Super. Ct. No. 503257)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Stanislaus County.  Valli K. Israels, Judge.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Kane, Acting P.J., Peña, J. and Smith, J.

The court continued appellant A.W. as a ward of the court after it sustained allegations charging appellant with first degree burglary. Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On the morning of March 14, 2015, Rosa Carrillo was driving with her husband Simon when they saw a light-skinned male and a dark-skinned male jump over a fence into Teresa Ovalle's backyard. The dark-skinned male was shorter and was wearing black shorts. The light-skinned male was wearing a black "hoodie" sweater and beige pants. Rosa called her sister-in-law and told her to call the police. After parking the car and getting out, Rosa heard a "scrunching sound" as if pressure was being applied to something. Then she saw the light-skinned male inside Ovalle's backyard by the garage, and he may have seen her. The light-skinned male turned around and got out of the backyard by jumping over the fence and he was followed by the dark-skinned male.

The Carrillos followed the two males by car for a few minutes until Rosa saw a police officer and flagged him down. They let the officer know where the suspects went and then went home. Later that morning an officer drove the Carrillos to where the two males had been detained and they each identified them as the two males whom they had seen jump the fence to Ovalle's backyard.[1]

Modesto Police Officer David Watson responded to Ovalle's house. He found the door to the kitchen ajar with a milk crate holding it open. He also found pry marks on the door that leads from the backyard to the garage and on the door that leads from the garage to the kitchen and that a lock on the inside part of the door to the kitchen had been forced open and the screws pulled out from the door. The pry marks on the doors matched a crowbar belonging to Ovalle that was found in the backyard.

---

[1] Simon identified appellant in court as one of the males he saw jumping over the fence.

2.

On March 17, 2015, the district attorney determined that appellant was not eligible for deferred entry of judgment. The district attorney also filed a petition charging appellant with first degree burglary.

On April 13, 2015, appellant's jurisdictional hearing in this matter began. On April 16, 2015, the court denied appellant's motion to dismiss. After the defense rested, the court sustained the first degree burglary charge.

On May 4, 2015, the court committed appellant to juvenile hall for 380 days and ordered that his probation be terminated once he completed his commitment, because appellant had turned 18.

Appellant's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.